**FILED**

APR 1 0 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE O'SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | No. C 05-4207 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Legal Claims*

Plaintiff contends that police used excessive force in arresting him, first driving a police car into his bicycle, then shooting him.

The only relief plaintiff requests is "speedy release." This relief is not available in a Section 1983 case. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If plaintiff believes he has grounds for release, that claim must be brought in a habeas case, not in a civil rights case like this one. *Id.* Also, plaintiff has named as defendant only the city of San Francisco. In order to hold the city liable on this sort of claim, plaintiff must allege that the violation of his constitutional rights was pursuant to a policy or custom of the city, which he has not done. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). The complaint therefore fails to state a claim and must be dismissed.

Although release is a remedy which cannot be given here, the facts plaintiff alleges could be the basis for a request for a different remedy, damages, which would be proper in this Section 1983 case. And he might be able to amend to allege a policy or practice, or to name as defendants the officers who allegedly used excessive force. The dismissal therefore will be with leave to amend.

**CONCLUSION**

1. Plaintiff's claims are hereby **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2  It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April _____10____, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.05\OSULLIVAN207.DWL

3